*1140 OPINION.
Lansdon:
The only question here is whether the petitioner and Lavenstein Bros. Co., Inc., were affiliated during the taxable years. This issue must be determined by ascertaining the ownership of the shares of the capital stock of Lavenstein Bros. Co., Inc., which were held by the nominees of the creditors during the period in controversy. This stock was issued in equal proportions to the Lavenstein brothers, and, in conformity with the agreement which we have incorporated in our findings of fact, was assigned to nominees of the creditors’ committee, was reissued to such nominees, and stood in their names during the time here involved.
The petitioner contends that the actual ownership of the stock of Lavenstein Bros. Co., Inc., was, at all times, in the three Lavenstein brothers; that it was held by the nominees of the creditors’ committee only as security for the debts listed in the agreement; and that by the terms of the agreement it could, at any time, have the stock transferred to it on the payment of the debts in question. Upon the facts we are unable to agree with these contentions. During the period in controversy, the stock was outstanding in the names of the nominees of the creditors’ committee. Such nominees had complete control both of the stock and of operation of the business. The alleged actual owners of such stock had no record title to it.and could acquire such title only by paying the debts in question in full, which they were unable to do at any time prior to the collection of the insurance policies. In these conditions we are of the opinion that, even if the Lavensteins had an equitable title to the stock in question, they were unable to exercise any of the powers of ownership or control.

Judgment will be entered for the respondent.

Green, Phillips and Trussell dissent.